99 F.3d 400
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
 Nguyen Huu TO, Hoang Ngoc Can, and other citizens of South
Vietnam on April 30, 1975, Plaintiffs-Appellants,
v.
Robert RUBIN, U.S. Secretary of Treasury, Defendant-Appellee.
 
 1
 No. 95-6068.
 
 
 2
 United States Court of Appeals, Second Circuit.
 
 
 3
 Dec. 6, 1995.
 
 
 4
 APPEARING FOR APPELLANTS: MAC TRUONG, Esq., New York, NY.
 
 
 5
 APPEARING FOR APPELLEE: WENDY H. SCHWARTZ, Esq., Assistant United States Attorney for the Southern District of New York, New York, NY.
 
 
 6
 S.D.N.Y.
 
 
 7
 AFFIRMED.
 
 
 8
 This cause came to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by counsel.
 
 
 9
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the District Court is hereby affirmed.
 
 
 10
 The plaintiffs are citizens and permanent residents of the United States, and were citizens of the former Republic of Vietnam on April 30, 1975. On that date, the United States, under § 5(b) of the Trading With the Enemy Act ("TWEA"), 50 U.S.C. app. § 1 et seq., blocked the assets of the Republic that were located in the United States. In 1992, the plaintiffs sued the United States, asking for a declaratory judgment that they, and their putative class of persons similarly situated, were the "sole and rightful owners" of the Republic's assets in the United States. After the District Court for the Southern District of New York dismissed their claims, Hoang Ngoc Can v. United States, 820 F.Supp. 106 (S.D.N.Y.1993), we affirmed on the ground that plaintiffs' efforts to assert ownership over the blocked assets raised a nonjusticiable political question. Hoang Ngoc Can v. United States, 14 F.3d 160 (2d Cir.1994). We added:
 
 
 11
 [o]ur decision does not leave [plaintiffs] without a remedial course.... Congress has provided a mechanism for bringing complaints regarding frozen foreign assets to the executive branch under TWEA, 50 U.S.C.App. § 9(a):
 
 
 12
 [a]ny person not an enemy or ally of enemy claiming any interest, right, or title in any money or other property which may have been conveyed, transferred, assigned, delivered, or paid to the [Office of Foreign Asset Control's] Alien Property Custodian or seized by him ... may file with the said custodian a notice of his claim under oath ... and the President, if application is made therfor [sic] by the claimant, may order the payment ... to said claimant of the money or other property ... to which the President shall determine such claimant is entitled.
 
 
 13
 ... If the Custodian does act, the federal courts have jurisdiction to consider the decision within the well-settled parameters for review of administrative decisions under the APA.
 
 
 14
 Id. at 164-65.
 
 
 15
 The plaintiffs filed a claim with the Treasury Department's Office of Foreign Asset Control, requesting that the blocked assets be released to them. The Office denied their claim, explaining:
 
 
 16
 The United States no longer recognizes the RVN [Republic of Vietnam], nor has a successor government been recognized in its place. Assets of the RVN will remain blocked until such time as the political branches of the Government of the United States determine to whom and under what circumstances they shall be distributed.
 
 
 17
 (A.25.23). Action by the Office of Foreign Asset Control constitutes final agency action from which a claimant may seek judicial review. 31 C.F.R. § 500.803. In this new action, the plaintiffs argue that the denial of their claim was arbitrary and capricious.
 
 
 18
 On March 1, 1995, the District Court for the Southern District of New York (Keenan, J.) dismissed the claim on the ground that any review of the decision by the Office of Foreign Asset Control would necessarily present a nonjusticiable political question. The court also issued a permanent injunction. Among other things, the injunction (i) forbade the plaintiffs from filing any lawsuits "involving the United States assets of the former South Vietnam government" in any state or federal court other than the Southern District of New York, (ii) required the plaintiffs to dismiss without prejudice the five lawsuits they had filed in New York state courts against various banks that had possession of the blocked assets,[1] and (iii) required the plaintiffs to dismiss the defamation lawsuit they had filed in state court against an Assistant United States Attorney. (A.191-92).
 
 
 19
 The court explained that the state court actions against the banks had to be dismissed because they presented the same nonjusticiable political questions presented in this case:
 
 
 20
 [T]his Court determines that the current finding of non-justiciability constitutes judgment on the merits that precludes Plaintiffs' subsequent judicial attempts to claim ownership of the subject assets. Plaintiffs state court actions ... therefore must also be dismissed.
 
 
 21
 (A.185).
 
 
 22
 The court also concluded that its injunction was authorized by the All Writs Act, 28 U.S.C. § 1651(a), and was not barred by the Anti-Injunction Act. 28 U.S.C. § 2283. An injunction in this case was necessary, said the court,
 
 
 23
 to prevent a state court action which would seriously impair the federal court's flexibility and authority to decide a case, to prevent relitigation of an existing federal judgment, and to enjoin repeated litigation by the same Plaintiff in a federal court.
 
 
 24
 (A. 186 (internal quotations and citations omitted)). The plaintiffs appeal the dismissal of their claim and all aspects of the permanent injunction. We affirm.
 
 
 25
 On January 28, 1995, the United States and the current government of Vietnam agreed that the United States would unblock the former Republic's assets in the United States. They also agreed that the United States would keep $208,510,481 of these assets, to be distributed to United States "nationals" based on their claims under the Vietnam Claims Settlement Act, 22 U.S.C. § 1645 et seq., for private property lost as a result of the North Vietnamese invasion of 1975. See Agreement Between the Government of the United States of America and the Government of the Socialist Republic of Vietnam Concerning the Settlement of Certain Property Claims, 1995 WL 79523. On March 6, 1995, five days after the district court's ruling in this case, the United States formally unblocked the assets. 60 Fed.Reg. 12885. The Government states that the unblocked assets, less the settlement amount, are under the control of the current government of Vietnam. Diplomatic relations between the two countries were formally normalized on July 11, 1995.
 
 
 26
 The Government argues that these events render the plaintiff's claims moot. We agree. The plaintiffs appeal the decision of the Office of Foreign Assets Control denying their request that the assets be unblocked and transferred to them. Their request can no longer be met, however, because the assets have already been unblocked and transferred to the United States (in trust for those who have made claims under the Vietnam Claims Settlement Act) and the current government of Vietnam. The plaintiffs' claims are therefore dismissed as moot.
 
 
 27
 The district court's injunction is not moot, and we uphold it. The All Writs Act provides that federal courts may "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). This means that a district court may issue an injunction "as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued." United States v. New York Tel., 434 U.S. 159, 172 (1977). A federal court may not issue an injunction against pending proceedings in state courts, however, except "where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." Anti-Injunction Act, 28 U.S.C. § 2283. Thus, we have held that a district court may "enjoin actions in state court where necessary to prevent relitigation of an existing federal judgment" and "to preserve its jurisdiction and protect its judgments." In Re Baldwin-United Corp., 770 F.2d 328, 335-36 (2d Cir.1985). The district court's injunction in this case falls within these guidelines.
 
 
 28
 Any future cases brought by the plaintiffs against the United States or any of its agencies alleging ownership of the previously blocked assets would be barred by res judicata, both under our ruling today that the issue is moot and under our ruling in Hoang Ngoc Can that the issue is nonjusticiable. The plaintiffs are also barred from proceeding outside of the Southern District of New York with litigation against various banks or other parties alleging ownership of the assets. Bound as they are by the judgments of the district court, as affirmed, plaintiffs are barred by injunction from impeding the Executive's pursuit of its foreign policies or from burdening or annoying persons such as banks that are incidentally involved in implementation of these policies.[2] Cases seeking to channel the once blocked funds, or their proceeds, to the plaintiffs would necessarily challenge our holding in Hoang Ngoc Can that decisions regarding the ownership of the previously blocked assets rest solely within the province of the Executive Branch, and would necessarily revive a conflict we have settled.
 
 
 29
 The Executive Branch is entitled to make diplomatic judgments about the previously blocked assets without meritless interference from the plaintiffs, interference achieved through lawsuits either directly against the United States or against other parties that had some connection to these assets. This is therefore a situation in which it is "intolerable to have conflicting orders from different courts." Baldwin-United, 770 F.2d at 337 (internal quotations omitted). Given the plaintiffs' disposition toward vexatious, baseless litigation, the district court did not abuse its discretion by issuing an injunction requiring the dismissal of the state court suits and consolidating all future suits in the Southern District of New York. That injunction protects and effectuates both today's judgment that their claims are moot and our judgment in Hoang Ngoc Can that their claims are nonjusticiable.
 
 
 30
 We uphold the injunction in all respects, including the mandate that the suit against Assistant United States Attorney Wolfson be dismissed and that the plaintiffs refrain from filing similar suits in the future.
 
 
 31
 We have considered all of the plaintiffs' other arguments and find them without merit.
 
 
 
 [1]
 In one of their state court lawsuits, the plaintiffs had obtained an ex parte temporary restraining order directing the Bank of New York "not to release the funds at issue to anybody or entity without any direct order of this Court to that effect." (A.116)
 
 
 [2]
 Counsel acknowledged at oral argument that he too is bound by the terms of the injunction